# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DAVID LEONE MONDELLO** | **CIVIL ACTION NO. 04-2609-P** |
| **VERSUS** | **JUDGE HICKS** |
| **BOSSIER PARISH SHERIFF'S DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

David Leone Mondello ("Plaintiff") filed a civil rights complaint against the Bossier Parish Sheriff's Department, the Bossier Sheriff Correctional Facility, the Bossier Parish Penal Farm, the Benton Jail, the Bossier Parish Sheriff's Department medical staff, Sergeants Parish, Barnet and Houseworth, Lieutenants Lee and Gray, Deputies Reece, Dement, Pool Maggio, Smith, Peters, Boyer and Rogregaz, Warden Rucker, Sheriff Larry Dean and Mrs. Billy. Plaintiff is currently incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana. He claims his civil rights were violated by prison officials while incarcerated at the Bossier Parish Sheriff Correctional Facility, the Benton Jail and the Bossier Parish Penal Farm.

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 16) and a Motion for Temporary Restraining Order (Doc. 37). He claims he feared he would be verbally and physically assaulted by the Defendants because he filed civil rights complaints against them. He also claims that while in Defendants' custody, he was placed

in lock-down, beaten and denied a mattress, blanket and toilet paper. As relief, Plaintiff seeks to be transferred to another facility.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

In the instant case, Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the Court refuses to grant a temporary restraining order and/or preliminary injunction as he is no longer in the custody of Defendants. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 16) and the Motion for Temporary Restraining Order (Doc. 37) be **DENIED** as moot**.**

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 6th day of October, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: SMH