UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LEONE MONDELLO | CIVIL ACTION NO. 04-2609-P |
| versus | JUDGE HICKS |
| BOSSIER PARISH SHERIFF'S DEPARTMENT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

David Mondello ("Plaintiff") filed this pro se civil rights action against several defendants. Before the court is Plaintiff's Motion for Summary Judgment (Doc. 80) on the grounds that several defendants filed their answer untimely. Defendants respond that their answer was timely. As explained below, Defendants were untimely, but summary judgment is still not appropriate.

**Defendants Were Untimely**

Defendants moved for and were granted an extension of time to answer. The court signed, unchanged, the order proposed by Defendants. It provided:

> "IT IS ORDERED that the time allowed defendants to file their answer, other responsive pleadings, or otherwise defend this action be and is hereby extended for a period of thirty (30) days from the date of this order."

The order was signed on December 7, 2005 and filed with the Clerk on December 8, 2005.

Defendants employ in their calculation of the deadline the December 8 filing and entry of the order as the starting point, but their order plainly provided that the 30 days ran "from the date of this order." That is not a legally defined phrase. <u>Clements v. Florida East Coast Railway</u>, 473 F.2d 668 (5th Cir. 1973) (order permitted 90 days "from the date hereof"; whether the 90 days commenced from signing or filing of the order required remand for resort to local rule and custom to define the ambiguous language). The undersigned interprets "from the date hereof" to mean the date the order was signed. Had Defendants inserted a date certain in their proposed order, this ambiguity (and this Report and Recommendation) would have been avoided.

The thirtieth day after December 7, 2005 was Friday, January 6, 2006. Defendants did not file their answer until Tuesday, January 10, 2006. Defendants argue that the three day period provided by Rule 6(e) should have extended their deadline. Even if the three extra days would make the January 10 answer timely, Rule 6(e) does not apply when the period in question (the 30 days) is measured from an event other than the service of a notice or other paper. If some other act or event, such as entry of judgment or "the date of this order" triggers the period, the three day addition is not available. Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1171 p. 588; <u>Clements</u>, <u>supra</u> (Rule 6(e) had "no application" when order permitted 90 days "from the date hereof" to pay costs). There is, therefore, no doubt that Defendants filed their answer beyond the extended deadline.

**Default is Not Appropriate**

Defendants' untimeliness does not, however, justify the entry of default or summary judgment against them. Defaults are generally disfavored in the law and should not be granted merely because a defendant has failed to meet a procedural time requirement. All doubts about the propriety of a default should be resolved in favor of a contest on the merits. Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). There is no evidence of wilfulness by Defendants or indication that Plaintiff suffered prejudice by the short delay, so no relief is in order with respect to the untimeliness.

Defendants are encouraged to draft proposed orders with precision and employ a fixed and unarguable date certain so that such disputes, all too common when pro se litigants are involved, do not arise.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 80) be **denied.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of March, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE