RECEIVED
BY: _____
JUN 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LEONE MONDELLO | CIVIL ACTION NO. 04-2609-P |
| versus | JUDGE HICKS |
| BOSSIER PARISH SHERIFF'S OFFICE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction; Allegations**

David Mondello ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 based on allegations that his civil rights were violated in various ways while he was incarcerated at the Bossier Sheriff Correctional Facility, the Benton jail, and the Bossier Parish penal farm. He named as defendants several deputies and staff members at the facilities. Plaintiff's complaint and many amendments (Docs. 1, 2, 4, 15, 19, 25, 30 and 38) allege Plaintiff was subjected to various incidents of excessive force, retaliation and inadequate medical care.

The undersigned issued a Report and Recommendation that recommended Plaintiff's claims for inadequate medical care and/or denial of medical care be dismissed. Doc. 42. Judge Hicks agreed and dismissed those claims. Doc. 49. The court then ordered that the complaint be served on the several defendants and that they respond to the other claims. Doc. 43. Plaintiff's allegations, to which Defendants were directed to respond, can be fairly summarized as follows. Plaintiff was arrested in Shreveport and later questioned by Bossier

City detectives (who are not defendants), who pushed him and injured his back, which had a pre-existing condition. Plaintiff was then transported to the Benton jail, where he says he was assigned to a top bunk despite his request for a bottom bunk because of his back injuries. Plaintiff complains his back injuries were aggravated by climbing in and out of the bunk.

Plaintiff was then transferred to the Bossier Parish penal farm. He complains that he was placed in lockdown for two weeks without a mattress, blanket or shower because he made sick calls. Plaintiff claims he was also beaten while incarcerated at that facility and while housed at the Bossier Sheriff's Correctional Facility. Plaintiff alleges that he filed law suits in this court in 2004, and several of the defendants threatened him with physical harm and lockdown if he continued to make sick calls and request law books. Plaintiff specifically claims that Lt. Gray choked him and threatened him with physical harm and lockdown, that a male nurse threatened him with physical harm because he filed an administrative grievance, and that Sgt. Parish "jumped" on him for filing a grievance and also threatened physical harm and to tell other inmates that Plaintiff was a homosexual if Plaintiff made another sick call.

Plaintiff alleges that officers at the Bossier Sheriff Correctional Facility threatened him with physical harm, maced him, hit him and allowed other inmates to attack Plaintiff because he had filed grievances. Plaintiff claims Lt. Gray attacked and maced him in response to a grievance and that Gray took legal work from Plaintiff because Plaintiff had filed law suits in this court.

Plaintiff alleges that Deputy Dement hit him in the face with a walkie talkie and slid his face up and down a wall. Plaintiff alleges that Deputy Poole told other inmates to attack Plaintiff and that Poole threatened Plaintiff with harm, hit him and sprayed mace in his food tray. Plaintiff alleges that Deputy Maggio also maced him and placed him in lockdown because Plaintiff said he needed medical attention. Deputy Smith is accused of physically attacking Plaintiff because Plaintiff has filed law suits. Sgt. Barnett is alleged to have beaten Plaintiff. Sgt. Houseworth and Deputy Peters are alleged to have threatened to attack Plaintiff and to have inmates attack Plaintiff.

Plaintiff alleges that one unit in which he was housed had windows covered with cardboard that permitted an inmate to attack him because the guards could not see into the dorm. Plaintiff alleges that Lt. Gray threatened him with harm and slapped him when he did not want to return to the dorm for fear the other inmates would attack him. Plaintiff claims that Gray denied a request that he be placed in protective custody. He alleges that Deputy Reece maced him and allowed an inmate into his cell to attack him.

Plaintiff alleges that he was denied toilet paper while he was in lockdown. He also complains that jail officials opened his legal mail outside of his presence. Sgt. Rodriguez is alleged to have denied Plaintiff his indigent care package for three weeks and to have beaten Plaintiff.

## The Motion to Dismiss and Supplement

Defendants filed a Motion to Dismiss (Doc. 110) that argued the individual defendants are entitled to qualified immunity because the complaint is lacking in specificity, failed to allege any physical injury and did not otherwise identify actions or conditions that violated the Eighth Amendment. Defendants later filed a Supplemental Motion (Doc. 118) that added an alternative request for summary judgment. The supplement repeated the arguments in the original motion but was accompanied by affidavits from six of the individual defendants, all of whom squarely denied Plaintiff's allegations.

The court issued an order and permitted Plaintiff until May 12, 2006 to file any opposition to the motion, as supplemented. Doc. 122. Plaintiff did not file any opposition, but he did file a Motion to Postpone (Doc. 123), stating that he was trying to get a lawyer to take his case and was not sure what to do because he had not been able to talk to his witnesses or obtain all the documents, videotapes and affidavits he needed. The motion was denied. Doc. 124. Plaintiff does not need videotapes or other information from third parties to respond to the motion for summary judgment. The affidavits offered by several of the individual defendants address allegations made by Plaintiff regarding events in which Plaintiff was personally involved and of which he had personal knowledge. Accordingly, he Plaintiff himself should have knowledge of the facts that, if presented in the form of competent summary judgment evidence, would be sufficient to respond to the motion. No further delays are warranted under these circumstances.

## The Summary Judgment Evidence

One of the affidavits is from Charles Gray, who testifies that he is the warden at the medium security facility operated by the Bossier Parish Sheriff. He testifies that he "never used mace or freeze spray" to subdue Plaintiff and that he "never hit, pushed, kicked, choked, or threatened" Plaintiff. He adds that the only time he ever struck Plaintiff was on March 3, 2005, when Plaintiff responded to Gray's order to stop talking by raising his hands to Gray, clinched in fists, and Gray responded by reaching out to push Plaintiff's hands down, and accidentally struck Plaintiff's face in the process. An attached incident report describes the event in more detail. Gray testifies that any physical contact he had with Plaintiff was solely for the purpose of maintaining or restoring discipline, and that he never used force against Plaintiff maliciously or sadistically.

Gray testifies, with respect to legal mail, that mail addressed to inmates and clearly identified as legal mail is opened, in the presence of the inmate to whom it was addressed, by the deputy who distributes the mail. The mail is opened for the purpose of inspection only, and the mail is not read by the deputy. As for toilet paper, Gray testifies that each inmate is provided a personal allotment of toilet paper each week. Gray testifies that he never denied Plaintiff his allotment, and that he never instructed any other deputy to deny Plaintiff the toilet paper to which he was entitled.

Deputy Dement is another defendant who is accused of striking Plaintiff. He testifies in his affidavit that he "never used mace or freeze spray" to subdue Plaintiff and that he

"never hit, pushed, kicked, choked, or threatened" Plaintiff. He states that any physical contact he had with Plaintiff was solely for the purpose of maintaining or restoring discipline and that he never used force maliciously or sadistically. He offers testimony similar to that offered by Warden Gray with respect to the toilet paper allegations and legal mail processing. Virtually identical affidavits are offered Defendants Kent Maggio and Joseph Reece.

Deputy Neftali Rodriguez offers similar testimony that he "never used mace or freeze spray" to subdue Plaintiff and that he "never hit, pushed, kicked, choked, or threatened" Plaintiff. Rodriguez also explains that indigent packages (which Plaintiff alleges Rodriguez denied him for three weeks) are pre-prepared packets that contain soap, toothpaste, toothbrush, razor, four envelopes and four pieces of paper. The package is provided to indigent inmates every other week. Rodriguez specifically denies that he ever denied Plaintiff his indigent package.

Defendant Thomas Rucker offers testimony about the use of force, legal mail and toilet paper that is essentially identical to the testimony described above. He adds that inmates on suicide watch are not provided with mattresses or blankets due to the possibility that the items could be used by the inmate to harm himself. Plaintiff was on suicide watch on at least one occasion while in custody in Bossier.

Not every individual defendant who was alleged to have used force or employed retaliatory threats or taken other actions complained of has filed an affidavit, but the supplemental motion did challenge Plaintiff to satisfy his summary judgment burden with

respect to all Defendants. The supplemental motion argues: "There is simply no evidence that defendants were plainly incompetent or that they knowingly violated clearly established law." Once the moving defendants challenge a plaintiff's ability to prove his allegations, the burden shifts to the plaintiff to come forward with competent summary judgment evidence sufficient to show a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986); Saunders v. Michelin Tire Corp., 942 F.2d 299 (5th Cir. 1991)(lack of record evidence to support challenged allegations mandated summary judgment); Page v. Delaune, 837 F.2d 233, 238 (5th Cir. 1988) (the party bearing the burden on an issue cannot sit back and wait for trial when his opponent shows that there is no evidence on the issue).

**Analysis and Conclusion**

Plaintiff alleged numerous claims against several individual defendants, but he has been unable to create a genuine issue of material fact in the face of direct summary judgment challenges to his claims of excessive force, retaliation, denial of indigent package, denial of toilet paper and related claims. Plaintiff's mere allegations are insufficient to overcome the challenges and merits dismissal of the claims. The failure of those claims on the facts avoids the need to address any of the qualified immunity, physical injury or other legal arguments raised in Defendants' motion. With respect to the claim regarding the opening of incoming legal mail to inspect it for contraband, the Fifth Circuit has held that the practice does not violate the Constitution. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993).

In addition to the individual defendants, Plaintiff also named as defendants the Bossier Parish Sheriff Department, Bossier Sheriff Correctional Facility, Bossier Parish penal farm, Benton jail, and the Sheriff's Department medical staff. Such departments, staffs, or buildings are not legal entities capable of being sued. The proper defendant is the sheriff or the individual official or officials who are alleged to have violated Plaintiff's rights. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002) and the Louisiana decisions cited in the movants' Memorandum at Doc. 110-2, page 2.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion to Dismiss (Doc. 110) as supplemented (Doc. 118) and converted to a Motion for Summary Judgment** be **GRANTED** and that all claims against all Defendants be **DISMISSED WITH PREJUDICE.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 16th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks